UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JONATHAN SEGNER,

    Petitioner,

v.                                        Case No. 12-C-231

MARC CLEMENTS,

    Respondent.

**ORDER**

On March 8, 2012, Jonathan Segner filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Green County Circuit Court of multiple counts of armed robbery and burglary.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Two issues present themselves at the outset. The first is that Petitioner has already filed an unsuccessful § 2254 petition in the Western District. (No. 00-C-569.) Section 2244(b)(3)(A) requires that an inmate receive the permission of the Court of Appeals before filing a second or successive petition. There is no indication that Petitioner has done that. Accordingly, the petition will be dismissed.

Although dismissal is warranted based on the failure to seek approval, I note for completeness that the statute of limitations would likely bar Petitioner's action in any event. Petitioner's conviction became final in 2000 after the state supreme court denied review. In 2009, he filed a motion under Wis. Stat. § 974.06 asserting that he had obtained new evidence. Specifically, he offered an affidavit of an inmate who testified that he had heard the key witness against Petitioner (named Kotte) state that he (Kotte) had committed the burglaries in question and had set up the Petitioner. In addition, in 2007 a second witness expressed some doubt over the matter in an interview with the Wisconsin Innocence Project. The trial court and court of appeals rejected Petitioner's claim. The court of appeals found that even if the new evidence were properly before it (a question it did not decide), it would not be exculpatory.

The federal habeas statute of limitations normally runs for only a year after a conviction becomes final, but this period may be extended in cases where "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). This exception is not an open-ended invitation to continue gathering evidence after an adverse judgment. Instead, the "factual predicate" of the claim must be something that could not have been discovered earlier. Here, the factual predicate of the claim was Kotte's truthfulness in testifying against Segner. That was integral to the Petitioner's defense at

2

trial. As the court of appeals noted, "Segner's defense to the burglary charges was that Kotte had committed them and had falsely accused him (Segner) of the crimes in an attempt to hide his own culpability." (Ex. B at ¶ 3.) There is thus no doubt that the factual predicate of the present claim—that Kotte was lying—was well known some fifteen years ago at the time of Petitioner's trial. The Seventh Circuit has held that new evidence supporting a claim actually made at or before trial cannot form the basis of a new limitations period under § 2244(d)(1)(D). *Escamilla v. Jungwirth,* 426 F.3d 868, 871 (7th Cir. 2005).

In *Escamilla,* the defendant argued that he had recently learned that other people interrogated by certain police detectives had accused the detectives of coercing their testimony. This evidence, he argued, corroborated his own argument that *his* statement had been coerced by the same detectives, an argument he had made at trial via a motion to suppress. The Seventh Circuit concluded that evidence that merely corroborates a theory already put forth at trial does not justify reopening the limitations clock:

> Escamilla knew "the factual predicate of [his] claim" before his trial. The "claim" is that the statement had been coerced; the "factual predicate" for that claim is what happened to Escamilla himself . . . . Escamilla knew before his trial how the detectives had treated him. He filed a motion to suppress. A claim made by pretrial motion, supported by the recollections of witnesses, is not one in which the "factual predicate" did not come to light until long after trial. <u>Section 2244(d)(1)(D) does not restart the time when corroborating evidence becomes available</u>; if it did, then the statute of limitations would fail in its purpose to bring finality to criminal judgments, for any prisoner could reopen the judgment by locating any additional fact. As a matter of law, new evidence supporting a claim actually made at or before trial cannot form the basis of a new period under § 2244(d)(1)(D).

*Id.* (emphasis added).

The same holds true here. All Segner has produced is evidence that purportedly corroborates his original trial theory that Kotte was lying. The affidavit from someone who claims to have heard

3

Kotte admitting to the crime and the vague interview with the Innocence Project (not a part of the record here) both relate to the issue of Kotte's truthfulness, an issue that was the centerpiece of Segner's trial defense. Segner argued not only on trial but on direct appeal that Kotte was the real thief who had set Segner up. Thus, the factual predicate existed long ago. It does not appear, therefore, that Section 2244(d)(1)(D) is available to him, which means the statute of limitations for federal habeas has long passed.

But that is a side-issue given that Petitioner has failed to comply with 28 U.S.C. § 2244(b)(3)(A). For that reason, the petition is **DISMISSED**.

**SO ORDERED** this ___19th___ day of March, 2012.

                                                    s/ William C. Griesbach
                                                    William C. Griesbach
                                                    United States District Judge